**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| TANJA CRETELLA, | ) | |
| | ) | Case No. 20-cv-1482 |
| Plaintiff, | ) | |
| | ) | Judge Sharon Johnson Coleman |
| v. | ) | |
| | ) | |
| AZCON, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

On January 15, 2020, plaintiff Tanja Cretella filed her complaint at law in the Circuit Court of Cook County, Illinois, County Department, Law Division against her former employer defendant Azcon, Inc., alleging that she was terminated in violation of the Illinois Insurance Code. Azcon timely removed this action arguing that Cretella's claim is preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA"), thus conferring original jurisdiction under 28 U.S.C. § 1331. Before the Court is Cretella's motion to remand pursuant to 28 U.S.C. § 1447(c). For the reasons stated below, the Court grants Cretella's motion.

**Background**

Cretella alleges that Azcon employed her from October 2013 through June 7, 2018, as its Human Resources Manager. On June 4, 2018, Azcon provided Cretella with an agreement for a Company-Owned Life Insurance ("COLI") policy that Cretella did not immediately sign. Instead, she requested time to consider it. Nevertheless, Azcon terminated her employment on June 7, 2018. Cretella alleges that her termination was unlawful under the Illinois Insurance Code because "[a]n employer shall not retaliate in any manner against an employee…for refusing consent to be insured." 215 ILCS 5/224.1.

On the other hand, Azcon attached the declaration of its Executive Vice President/Chief

Financial Officer Louis Mantia to its notice of removal in which Mantia averred that Azcon is 100% owned through an employee stock ownership plan ("ESOP"). Further, he states that the COLI policies fund the repurchase obligation of the ESOP and that ESOPs are employee pension plans governed by ERISA.

**Discussion**

The federal removal statute authorizes defendants to remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Turning to her well-pleaded complaint, Cretella's relies on the Illinois Insurance Code as the basis of Azcon's liability. Azcon, however, argues that Cretella's claim is preempted by ERISA, and thus the Court has original jurisdiction pursuant to 28 U.S.C. § 1331.

"Ordinarily, a defendant cannot remove a case to federal court unless the plaintiff's complaint demonstrates that the plaintiff's case arises under federal law" consistent with the "well-pleaded complaint" rule. *Studer v. Katherine Shaw Bethea Hosp.*, 867 F.3d 721, 723 (7th Cir. 2017). "Under this rule, 'the existence of a federal defense normally does not create statutory 'arising under' jurisdiction" unless "a federal statute wholly displaces the state-law cause of action through complete preemption." *Id.*; *see also Franciscan Skemp Healthcare, Inc. v. Central States Joint Bd. Health & Welfare Trust Fund*, 538 F.3d 594, 601 (7th Cir. 2008). In other words, to establish original federal jurisdiction on removal, Azcon must show that ERISA completely preempts Cretella's claim based on the Illinois Insurance Code.

Complete preemption "confers exclusive federal jurisdiction in certain instances where Congress intended the scope of a federal law to be so broad as to entirely replace any state-law claim." *Franciscan Skemp Healthcare,* 538 F.3d at 596. The Supreme Court has created a two-step test to determine whether ERISA completely preempts a plaintiff's state-law claim: (1) whether plaintiff's claim could have been brought under ERISA's civil enforcement provision; and (2) whether

2

defendant's actions implicate legal duties that are solely dependent on ERISA and the relevant employee benefit plan. *Studer v. Katherine Shaw Bethea Hosp.*, 867 F.3d 721, 724 (7th Cir. 2017) (citing *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210, 124 S.Ct. 2488, 159 L.Ed.2d 312 (2004)).

First, Cretella is not seeking to recover benefits under the terms of the employee benefit plan nor is she asking the Court to enforce her rights under the plan's terms or clarify her rights to future benefits under the plan's terms. Therefore, her claims could not have been brought under ERISA's civil enforcement provision § 502(a). *See Franciscan Skemp Healthcare,* 538 F.3d at 598. Second, Azcon's alleged liability arise from duties imposed by the Illinois Insurance Code based on Azcon's termination of Cretella's employment for failing to consent to the life insurance policy. *See id.* As such, neither prong of the *Davila* test has been met. Adding further support to Cretlla's argument, the Court would not be required to interpret or apply the terms of the employee benefit plan to resolve Cretella's claim. *Laborers' Pension Fund v. Miscevic*, 880 F.3d 927, 931 (7th Cir. 2018).

In the end, the connection between Cretella's state law claim and her employee benefit plan is too tenuous, remote, and peripheral for ERISA's preemption provision to apply under the circumstances. *Sharp Electronics Corp. v. Metropolitan Life Ins. Co.,* 578 F.3d 505, 514 (7th Cir. 2009).

**Conclusion**

For these reasons, the Court grants plaintiff's motion to remand [16] and remands this matter to the Circuit Court of Cook County, Illinois, County Department, Law Division. Civil case terminated.

**IT IS SO ORDERED.**
Date: 10/28/2020

Entered: _____

SHARON JOHNSON COLEMAN
United States District Judge

3